In re PLAID PANTRIES, INC., an Oregon corporation [successor by merger to Apollo Distributing Co.; J L & R Merchandising, Inc.; and Plaid Industries, Inc., all Oregon corporations], Debtor.

Bankruptcy No. 389–31028–S11.
Civ. No. 91–1158–FR.

United States District Court,
D. Oregon.

Dec. 6, 1991.

**406**

Norman Wapnick, Jeffrey C. Misley, Sylvia E. Stevens, Sussman Shank Wapnick Caplan & Stiles, Portland, Or., for debtor Plaid Pantries, Inc.

Jan D. Sokol, James T. Yand, Stafford Frey Cooper & Stewart, Portland, Or., for Employers Ins. of Wausau.

## OPINION

FRYE, District Judge:

The matter before the court is the appeal of Employers Insurance of Wausau (Wausau) from a final order of the United States Bankruptcy Court for the District of Oregon.

## BACKGROUND

Wausau is an insurance company which provided workers' compensation coverage to the debtor, Plaid Pantries, Inc. (Plaid Pantries). Plaid Pantries failed to pay $59,029.00 in premiums to Wausau for the 180 days prior to filing a petition in bankruptcy on March 19, 1989. Wausau sought priority for these unpaid premiums contending they were contributions to an employee benefit plan under 11 U.S.C. § 507(a)(4). On June 28, 1991, the United States Bankruptcy Court for the District of Oregon entered a final order denying Wausau's claim for priority.

The bankruptcy code provides a priority for "unsecured claims for contributions to an employee benefit plan arising from services rendered within 180 days before the date of the filing of the petition." 11 U.S.C. § 507(a)(4). The sole issue on appeal is whether the workers' compensation insurance premiums paid by Plaid Pantries for its employees amount to "contributions to an employee benefit plan" within the meaning of 11 U.S.C. § 507(a)(4). If so, then the bankruptcy court erred in denying Wausau's claim for priority.

## APPLICABLE STANDARD

The district court acts as an appellate court with regard to decisions of the bankruptcy court. The district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard; conclusions of law are reviewed *de novo*. *Daniels–Head & Assocs. v. William M. Mercer, Inc. (In re Daniels–Head & Assocs.)*, 819 F.2d 914, 918 (9th Cir.1987).

## ANALYSIS AND RULING

Section 507(a) of the bankruptcy code sets forth priorities for a number of expenses and claims, including the priority claimed here:

(4) Fourth, allowed unsecured claims for contributions to an *employee benefit plan*—

(A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) for each such plan, to the extent of—

(i) the number of employees covered by each such plan multiplied by $2,000; less

(ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(4) (emphasis added). Congress failed to define the term "employee benefit plan" in the bankruptcy code. The term, however, is defined in the Employee Retirement Income Security Act of 1974 (ERISA). Under the definition set forth in ERISA, an "employee benefit plan" includes:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1); *see also* 29 U.S.C. § 1002(3). At least two courts which have considered this issue have found the ERISA definition applicable to 11 U.S.C. § 507(a)(4). *Perlstein v. Rockwood Ins. Co. (In re AOV Indus.)*, 85 B.R. 183, 186 (Bankr.D.D.C.1988) ("We consider the term 'employee benefit plan' in 11 U.S.C. § 507(a)(4) to be consistent with the same term as defined ... by ERISA."); *In re Saco Local Dev. Corp.*, 23 B.R. 644 (Bankr. D.Me.1982), *aff'd*, 711 F.2d 441 (1st Cir. 1983).

Plaid Pantries contends that the ERISA definition of an "employee benefit plan" is not applicable to the bankruptcy code. This contention is not persuasive, however. For example, Plaid Pantries makes no suggestion to the court how the term might otherwise be defined. Moreover, even the lone case cited by Plaid Pantries which rejected the ERISA definition of an "employee benefit plan" acknowledged that there were "compelling policy reasons for finding that Congress intended the ERISA definition to apply to section 507 of the Bankruptcy Code." *Official Labor Creditors Comm. v. Jet Florida Sys., Inc. (In re Jet Florida Sys., Inc.)*, 80 B.R. 544, 547 (S.D.Fla.1987).

This court agrees with those courts which have found that Congress intended the term "employee benefit plan" in 11 U.S.C. § 507(a) to be defined as it is in ERISA. Since Congress did not define the term in the bankruptcy code, it is only logical to look to another statute where the term is defined. *Cf. Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 249–50, 96 L.Ed. 288 (1952) ("[W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed.").

Having found that the term "employee benefit plan" in 11 U.S.C. § 507(a) is to be defined as it is in ERISA, the court concludes that the workers' compensation insurance coverage provided by Plaid Pantries is a plan providing "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1). Accordingly, the court finds that the claim of Wausau for priority under 11 U.S.C. § 507(a)(4) should have been granted.

### CONCLUSION

The decision of the United States Bankruptcy Court for the District of Oregon is reversed.